Bank of Am., N.A. v Lestrade (2020 NY Slip Op 07341)





Bank of Am., N.A. v Lestrade


2020 NY Slip Op 07341


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-12981
2018-12983
 (Index No. 13922/14)

[*1]Bank of America, National Association, respondent,
v
Cynthia Lestrade, et al., defendants, G & Q Estates Corp., appellant.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Leopold & Associates, PLLC, Armonk, NY (Stephanie Rojas of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant G & Q Estates Corp. appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 19, 2018, and (2) an order of the same court also dated April 19, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant G & Q Estates Corp., to strike that defendant's answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with costs.
In October 2007, Cynthia Lestrade executed a note in the sum of $376,000 in favor of the plaintiff, which was secured by a mortgage on residential property in Brooklyn. Lestrade allegedly defaulted on her obligations under the note and mortgage agreement by failing to make the monthly payments due on January 1, 2008, and thereafter. By deed dated September 18, 2008, Lestrade transferred her interest in the property to G & Q Estates Corp. (hereinafter G & Q Estates).
In September 2014, the plaintiff commenced this action against Lestrade and G & Q Estates, among others, to foreclose the mortgage. Lestrade failed to appear or answer the complaint. G & Q Estates interposed an answer in which it asserted, inter alia, various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304, and that the action was barred by the statute of limitations. G & Q Estates also served various discovery demands.
In July 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against G & Q Estates, to strike its answer, and for an order of reference. G & Q Estates opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. By order dated April 19, 2018, the Supreme Court granted the plaintiff's motion and denied G & Q Estates' cross motion. In a second order also dated April 19, 2018, the court, inter alia, referred the matter to a referee to compute the amount due [*2]to the plaintiff. G & Q Estates appeals.
Contrary to G & Q Estates' contention, the plaintiff, which was the original lender, established, prima facie, that it had standing by demonstrating that it was the holder of the note at the time the action was commenced (see Generation Mtge. Co. v Medina, 138 AD3d 688, 689). The plaintiff's submissions demonstrated that a copy of the note, endorsed in blank by the plaintiff, was attached to the certificate of merit, which was filed together with the summons and complaint (see Deutsche Bank Natl. Trust Co. v Bowens, 181 AD3d 871, 873; U.S. Bank Trust, N.A. v Porter, 175 AD3d 530, 532). In opposition, G & Q Estates failed to raise a triable issue of fact as to the plaintiff's standing.
In addition, as a stranger to the note and mortgage agreement, G & Q Estates lacked standing to assert the defense of the plaintiff's alleged noncompliance with the notice requirements of RPAPL 1304 (see US Bank N.A. v Carrington, 179 AD3d 743; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024). Contrary to G & Q Estates' contention, this argument was not raised by the plaintiff for the first time on appeal. Finally, the plaintiff's motion was not premature, as G & Q Estates offered mere hope and speculation that evidence sufficient to defeat the motion may be uncovered during the discovery process (see Cenlar FSB v Tenenbaum, 172 AD3d 806, 807).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against G & Q Estates, to strike G & Q Estates' answer, and for an order of reference.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court