JPMorgan Chase Bank, N.A. v Bracco (2021 NY Slip Op 06839)





JPMorgan Chase Bank, N.A. v Bracco


2021 NY Slip Op 06839


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-12431
2018-12432
 (Index No. 6316/13)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Jonathan Bracco, appellant, et al., defendant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Fein, Such & Crane, LLP (McCalla Raymer Leibert Pierce, LLC, New York, NY [Brian P. Scibetta and Sean Howland], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jonathan Bracco appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 25, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court also entered July 25, 2018. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale granted the same relief, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, the order entered July 25, 2018, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jonathan Bracco.
In May 2013, the plaintiff commenced this mortgage foreclosure action by filing a summons, complaint, and notice of pendency. In his answer, the defendant Jonathan Bracco (hereinafter the defendant) raised numerous affirmative defenses, including failure to comply with RPAPL 1304. In October 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The defendant did not oppose the motion. In an order entered October 6, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Thereafter, the referee issued a report, and the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant [*2]opposed that motion, arguing, among other things, that the plaintiff failed to comply with RPAPL 1304. By order entered July 25, 2018, the court granted the plaintiff's motion. An order and judgment of foreclosure and sale was entered that same date, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals from both the order entered July 25, 2018, and the order and judgment of foreclosure and sale.
The appeal from the order entered July 25, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
Since the defendant failed to oppose the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against him, and did not seek to vacate the order granting that motion, he is now precluded from raising the plaintiff's alleged failure to comply with the notice provisions of RPAPL 1304 as a defense to this action (see Wilmington Sav. Fund Socy., FSB v Chishty, 179 AD3d 1147, 1148; HSBC Bank USA, N.A. v Perry, 178 AD3d 685; HSBC Bank USA, N.A. v Hasis, 154 AD3d 832, 834; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
The Supreme Court should have denied the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale because the referee's computations as to escrow disbursements and advancements and property inspection fees were premised upon unproduced business records (see HSBC Bank USA, N.A. v Cherestal, 178 AD3d 680, 682-683; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768).
Additionally, the Supreme Court erred in awarding the plaintiff an attorney's fee. Although an attorney's fee may be recovered in a mortgage foreclosure action "if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action" (Levine v Infidelity, Inc., 2 AD3d 691, 692), in this case, the affirmation submitted by the plaintiff in support of its application was insufficient to support such an award (see Bank of N.Y. Mellon v Gitit Graffi, 172 AD3d 1148, 1150).
The plaintiff's remaining contention is without merit.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court