Wells Fargo Bank, N.A. v Davidson (2022 NY Slip Op 00901)





Wells Fargo Bank, N.A. v Davidson


2022 NY Slip Op 00901


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
SYLVIA O. HINDS-RADIX
LARA J. GENOVESI, JJ.


2019-05711
 (Index No. 31309/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Daniel A. Davidson, et al., appellants, et al., defendants.


The Law Offices of Charles Wallshein, PLLC, Melville, NY, for appellants.
Shapiro, DiCaro & Barak (Reed Smith, LLP, New York, NY [Michael V. Margarella and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Daniel A. Davidson and Nina M. Davidson appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), entered March 19, 2019. The judgment of foreclosure and sale, upon an order of the same court dated February 26, 2019, granting those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denying those branches of the cross motion of the defendants Daniel A. Davidson and Nina M. Davidson which were for a referee's hearing pursuant to CPLR 4313 and RPAPL 1321 and, in effect, to vacate so much of two orders of the same court dated April 28, 2017, as granted those branches of the plaintiff's motion were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and affirmative defenses, and for an order of reference, confirmed the referee's report and directed the sale of the real property at issue.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, that branch of the cross motion of the defendants Daniel A. Davidson and Nina M. Davidson which was, in effect, to vacate so much of the orders dated April 28, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer and affirmative defenses, and for an order of reference is granted, and the orders dated February 26, 2019, and April 28, 2017, are modified accordingly.
In November 2013, the plaintiff commenced this action against the defendants Daniel A. Davidson and Nina M. Davison (hereinafter together the defendants), among others, to foreclose a mortgage on residential property in Holtsville. The defendants interposed an answer in which they asserted various affirmative defenses and counterclaims.
In April 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants cross-moved, inter alia, for leave to amend their answer and to compel discovery. In an order dated April 28, 2017, the Supreme Court granted the plaintiff's [*2]motion and denied the defendants' cross motion. In another order, also dated April 28, 2017, the court granted the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff.
Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendants then cross-moved, inter alia, for a referee's hearing pursuant to CPLR 4313 and RPAPL 1321 and, in effect, to vacate so much of the orders dated April 28, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer and affirmative defenses, and for an order of reference, contending, among other things, that the plaintiff failed to demonstrate strict compliance with the service requirements of RPAPL 1304. In an order dated February 26, 2019, the court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, the court entered a judgment of foreclosure and sale on March 19, 2019. The defendants appeal. We reverse.
RPAPL 1304 requires that, at least 90 days before a lender, an assignee, or a mortgage loan servicer commences an action to foreclose the mortgage on a home loan as defined in the statute, such lender, assignee, or mortgage loan servicer give notice to the borrower. The statute provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see Bank of N.Y. Mellon v Porfert, 187 AD3d 1110, 1112), "and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Contrary to the plaintiff's contention, the defendants did not waive their contention that the plaintiff failed to comply with RPAPL 1304 as "'[a] defense based on noncompliance with RPAPL 1304 may be raised at any time'" prior to the entry of a judgment of foreclosure and sale (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207, quoting Nationstar Mtge., LLC v Matles, 185 AD3d 703, 706 [internal quotation marks omitted]; see also US Bank N.A. v Krakoff, 199 AD3d 859). In opposition to that branch of the defendants' cross motion, the plaintiff failed to establish its strict compliance with the service requirements of RPAPL 1304. Although the plaintiff demonstrated that it mailed an RPAPL 1304 notice to the defendants by both certified and first-class mail, it failed to show that it sent a 90-day notice addressed to each defendant in separate envelopes, as required by the statute (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126; see e.g. Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 105-106). While the defendants' separate envelope argument is raised for the first time on appeal, the issue of whether the plaintiffs strictly complied with the service requirements of RPAPL 1304 was before the Supreme Court on the defendants' cross motion and the separate envelope argument may be reached, as it involves a question of law that appears on the face of the record and could not have been avoided if brought to the court's attention at the proper juncture (see Bank of Am., N.A. v Sebrow, 180 AD3d 982, 984-985; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824-825).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and granted that branch of the defendants' cross motion which was, in effect, to vacate so much of the orders dated April 28, 2017, as granted those branches of the plaintiff's motion were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and affirmative defenses, and for an order of reference.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DUFFY, J.P., CONNOLLY, HINDS-RADIX and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court