U.S. Bank N.A. v Ramanababu (2022 NY Slip Op 01199)





U.S. Bank N.A. v Ramanababu


2022 NY Slip Op 01199


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2019-05936
 (Index No. 28463/13)

[*1]U.S. Bank National Association, etc., respondent,
v
Pillayar Ramanababu, et al., appellants, et al., defendant.


Fred M. Schwartz, Smithtown, NY, for appellants.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Brenda Beauchamp Ward and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Pillayar Ramanababu and Sreevidhya Ramanababu appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 17, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon (1) an order of the same court dated July 19, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Pillayar Ramanababu and Sreevidhya Ramanababu, to strike their answer, and for an order of reference, (2) an order of the same court, also dated July 19, 2018, among other things, granting the same relief to the plaintiff and appointing a referee to compute the amount due to the plaintiff, and (3) an order of the same court dated April 17, 2019, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and denying those branches of the cross motion of the defendants Pillayar Ramanababu and Sreevidhya Ramanababu which were to reject the referee's report and to dismiss the complaint insofar as asserted against them, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Pillayar Ramanababu and Sreevidhya Ramanababu, to strike their answer, and for an order of reference, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, are denied, and the two orders dated July 19, 2018, and the order dated April 17, 2019, are modified accordingly.
The plaintiff commenced this action against the defendants Pillayar Ramanababu and Sreevidhya Ramanababu (hereinafter together the defendants), among others, to foreclose a mortgage initially given in November 2005 and subsequently modified in December 2012. The defendants interposed an answer in which they asserted various affirmative defenses and counterclaims. After the matter was released from the mandatory foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, [*2]to strike their answer, and for an order of reference. The defendants opposed the motion, arguing, among other things, that the affidavit provided by a representative of the plaintiff's loan servicer was inadmissible and otherwise insufficient to establish their default. In an order dated July 19, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order, also dated July 19, 2018, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
On or about October 25, 2018, the referee issued an oath and report of amount due. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion and cross-moved, inter alia, to reject the referee's report and to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to establish its compliance with RPAPL 1304 and the notice of default provision of the mortgage agreement. In an order dated April 17, 2019, the Supreme Court granted the plaintiff's motion and denied those branches of the defendants' cross motion. By order and judgment of foreclosure and sale dated April 17, 2019, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Palacio, 187 AD3d 693, 695; see Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826).
Here, in support of its motion, the plaintiff submitted copies of the mortgage, the modification agreement, and the note, but failed to submit evidence sufficient to establish the defendants' default as a matter of law. The plaintiff relied upon the affidavit of Richard L. Penno, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Based upon his review of Wells Fargo's books and records concerning the defendants' loan, Penno attested to the defendants' default in payment. However, Penno did not identify the records he relied upon in order to attest to the defendants' default and did not attach them to his affidavit (see Flatbush Two, LLC v Morales, 190 AD3d 826; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). "While a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197). Thus, Penno's assertions as to the contents of Wells Fargo's servicing records were inadmissible (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774). Contrary to the plaintiff's contention, a review of records maintained in the normal course of business does not vest an affiant with personal knowledge (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517). Since Penno's affidavit was the only evidence of default proffered in support of its motion, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
Nevertheless, contrary to the defendants' further contention, the Supreme Court properly denied that branch of their cross motion which was to dismiss the complaint insofar as asserted against them for failure to comply with RPAPL 1304 and the notice of default provision of the mortgage agreement. The plaintiff's strict compliance with RPAPL 1304 and the notice of default provision of the mortgage agreement were both considered and decided in the plaintiff's favor on its motion for summary judgment. Therefore, while it is true that a defense based on [*3]noncompliance with RPAPL 1304 may be raised at any time (see Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882), the doctrine of law of the case precluded the court from reconsidering those issues on the defendants' cross motion (see id. at 882).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BARROS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court