U.S. Bank N.A. v Maioriello (2022 NY Slip Op 04706)

U.S. Bank N.A. v Maioriello

2022 NY Slip Op 04706

Decided on July 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 26, 2022

Before: Acosta, P.J., Kapnick, Friedman, Singh, Pitt, JJ. 

Index No. 35006/18E Appeal No. 15363 Case No. 2021-02051 

[*1]U.S. Bank National Association etc., Plaintiff-Respondent,
v
Michael J. Maioriello Jr. Also Known as Michael Maioriello etc., et al., Defendants-Appellants, New York State Department of Taxation and Finance et al., Defendants.

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellants.
Reed Smith LLP, New York (Michael V. Margarella of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 18, 2020, which, upon an order, same court and Justice, entered November 20, 2019, granting plaintiff's renewed motion for summary judgment on its foreclosure claim, granted plaintiff's motion to appoint a referee to compute, unanimously reversed, on the law, without costs, plaintiff's motions denied, and, upon a search of the record, defendants are granted summary judgment dismissing the complaint. The Clerk is directed to enter judgment accordingly.
Plaintiff's mailing of a 90-day notice jointly addressed to both borrowers did not comply with RPAPL 1304 (see Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 134-136 [2d Dept 2021]). Although defendants failed to raise this point before the motion court, the issue of plaintiffs' strict compliance with RPAPL was before the motion court and the noncompliant nature of the jointly addressed notices may be addressed on appeal, as the deficiency is apparent on the face of the record and could not have been avoided if brought to the court's attention at the proper juncture (see Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882 [2d Dept 2022]). Since the sending of a valid 90-day notice to each borrower pursuant to RPAPL 1304 is a condition precedent to the commencement of a foreclosure action, defendants are entitled to summary judgment dismissing the complaint.
In view of the foregoing, we need not address the remaining issues raised by the parties.
The decision and order of this Court, dated February 24, 2022,
is hereby recalled and vacated (see M-1122, decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 26, 2022