Nationstar Mtge., LLC v Koznitz I, LLC (2022 NY Slip Op 04813)

Nationstar Mtge., LLC v Koznitz I, LLC

2022 NY Slip Op 04813

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.

2020-02217
 (Index No. 701597/15)

[*1]Nationstar Mortgage, LLC, respondent,
v
Koznitz I, LLC, appellant, et al., defendants.

Solomon Rosengarten, Brooklyn, NY, for appellant.
McCalla Raymer Leibert Pierce, New York, NY (David Gantz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Koznitz I, LLC, appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated January 2, 2020. The order, insofar as appealed from, upon a decision of the same court dated October 21, 2019, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike its answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Koznitz I, LLC, and for an order of reference, and referring the matter to a referee to ascertain and compute the amount due to the plaintiff, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's motion which was to strike the answer of the defendant Koznitz I, LLC, and substituting therefor a provision granting that branch of the motion to the extent of striking so much of the answer as asserted the affirmative defense of noncompliance with RPAPL 1304 and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Koznitz I, LLC.
On August 18, 2008, Mohammed Alam executed a note in favor of AmTrust Bank in the principal sum of $533,850. The note was secured by a mortgage on residential property in East Elmhurst (hereinafter the subject property), and was signed by electronic signature. Alam allegedly defaulted by failing to make the payment due May 1, 2009, and all payments thereafter. By deed dated June 28, 2013, Alam transferred the subject property to the defendant Koznitz I, LLC (hereinafter Koznitz).
In January 2015, the plaintiff commenced this action to foreclose the mortgage against Alam, among others. In January 2017, the plaintiff served a supplemental summons and amended complaint adding Koznitz as a defendant and striking Alam as a defendant. Koznitz interposed an answer in which it asserted various affirmative defenses, including lack of standing and noncompliance with RPAPL 1304.
The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against Koznitz, to strike its answer, and for an order of reference. Koznitz opposed the motion. In an order dated January 2, 2020, the Supreme Court, upon a decision dated October 21, 2019, inter alia, granted those branches of the plaintiff's motion and referred the matter to a referee to compute the amount due to the plaintiff. Koznitz appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Ramanababu, 202 AD3d 1139, 1141 [internal quotation marks omitted]). "A default is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form" (BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962 [internal quotation marks omitted]).
Here, in support of its motion, the plaintiff submitted, among other things, the affidavit of Christy Vieau, a document execution associate for the plaintiff, who, based upon her review of business records, attested to Alam's default in payment. While Vieau made the requisite showing that she was familiar with the plaintiff's record-keeping practices and procedures (see CPLR 4518[a]), she did not identify the records she relied upon, and did not attach them to her affidavit (see U.S. Bank N.A. v Ramanababu, 202 AD3d at 1141-1142). Thus, her assertions as to the contents of these records were inadmissible (see id.). Since the plaintiff failed to establish the default in payment, it failed to establish its prima facie entitlement to judgment as a matter of law as well as its entitlement to an order of reference (see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d at 962).
The plaintiff also failed to establish, prima facie, its standing to commence the action. Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). "A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). A plaintiff may establish its standing by "demonstrating that the note was in its possession prior to the commencement of the action, as evidenced by its attachment of the endorsed note to the summons and complaint at the time the action was commenced" (U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). Here, the plaintiff contends that it established standing by annexing a copy of the original note, endorsed to it, to the complaint. However, there is no copy of an endorsed note attached to the complaint. Rather, the copy of the note attached to the complaint states that it is an electronic document with an electronic transfer history, a fact wholly unaddressed by the plaintiff (see generally Wells Fargo Bank, N.A. v Benitez, 194 AD3d 986, 987; New York Community Bank v McClendon, 138 AD3d 805, 806).
The plaintiff established, prima facie, that there was no merit to Koznitz's second affirmative defense, alleging that the plaintiff failed to comply with RPAPL 1304. Koznitz, as a stranger to the note and mortgage, cannot assert the defense of failure to comply with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d 792, 793; Bank of Am., N.A. v Lestrade, 189 AD3d 969, 970; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024). In opposition, Koznitz failed to raise a triable issue of fact.
The plaintiff's remaining contentions, raised for the first time on appeal, are not properly before this Court (see Citimortgage, Inc. v Weaver, 163 AD3d 625, 626).
Since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against Koznitz, to strike its answer except for the portion thereof that asserted the affirmative defense of noncompliance with RPAPL 1304, and for an order of reference should have been denied without regard to the sufficiency of Koznitz's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d [*2]851, 853).
BARROS, J.P., CONNOLLY, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court