U.S. Bank N.A. v Evans (2022 NY Slip Op 04928)

U.S. Bank N.A. v Evans

2022 NY Slip Op 04928

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-01792
 (Index No. 41815/09)

[*1]U.S. Bank National Association, etc., respondent,
v
Bret Evans, appellant, et al., defendants.

Bret Evans, Southampton, NY, appellant pro se.
Hinshaw & Culbertson, LLP, New York, NY (Brian S. McGrath and Ben Z. Raindorf of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bret Evans appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (James Hudson, J.), entered December 13, 2018. The judgment of foreclosure and sale, upon an order of the same court dated November 28, 2018, inter alia, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denying the cross motion of the defendant Bret Evans for summary judgment dismissing the complaint insofar as asserted against him, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
The plaintiff commenced this action against the defendant Bret Evans (hereinafter the defendant), among others, to foreclose a mortgage on property in Southampton. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendant opposed the motion. By order dated July 16, 2010, the Supreme Court granted the motion. Thereafter, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. By order dated November 28, 2018, the Supreme Court, among other things, granted the plaintiff's motion and denied the defendant's cross motion. On December 13, 2018, the court entered a judgment of foreclosure and sale, inter alia, directing the sale of the subject property. The defendant appeals
The Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him for failure to comply with RPAPL 1303. The plaintiff's strict compliance with RPAPL 1303 was considered and decided in the plaintiff's favor on a prior motion by the defendant, inter alia, to vacate an earlier judgment of foreclosure and sale, dated July 24, 2017. Therefore, while it is true that a defense based on noncompliance with RPAPL 1303 may be raised at any time during an action (see Wells Fargo Bank, N.A. v Coffey, 177 AD3d 1022, 1023), the doctrine of law of the case precluded the court from reconsidering those issues on the defendant's cross motion (see id. at 1023; cf. U.S. Bank N.A. v Ramanababu, 202 AD3d 1139).
The defendant's remaining contention, regarding the attorney affirmation submitted in compliance with Administrative Order 431/11 of the Chief Administrative Judge of the Courts, is without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court