U.S. Bank N.A. v Zakarin (2022 NY Slip Op 05229)

U.S. Bank N.A. v Zakarin

2022 NY Slip Op 05229

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-02597
2020-02789
 (Index No. 26875/10)

[*1]U.S. Bank National Association, etc., respondent,
v
Marc Zakarin, appellant, et al., defendants.

John J. Caracciolo, East Northport, NY, for appellant.
Davidson Fink, LLP, Rochester, NY (Ashley E. Ragan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marc Zakarin appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated December 30, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Marc Zakarin, to strike his answer, and for an order of reference are denied.
In July 2010, the plaintiff commenced this action to foreclose a mortgage encumbering certain residential property located in Huntington Station, against, among others, the defendant Marc Zakarin (hereinafter the defendant). The defendant interposed an answer. In August 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, contending that the plaintiff's submissions were insufficient to establish, prima facie, the elements of a foreclosure action and its strict compliance with RPAPL 1304.
In an order dated December 30, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In a second order, also dated December 30, 2019, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Palacio, 187 AD3d 693, 695; see U.S. Bank N.A. v Ramanababu, 202 AD3d 1139, 1141). A default in payment may be established by, among other possibilities, an affidavit from "a person having [personal] knowledge of the facts" (CPLR 3212[b]) [*2]or documents that meet the requirements of the business records exception to the rule against hearsay (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208).
In support of its motion, the plaintiff relied upon the affidavit of Cynthia Wallace, an employee of Specialized Loan Servicing, LLC (hereinafter SLS), which allegedly serviced the loan on the plaintiff's behalf. Wallace did not aver to have personal knowledge of the facts, and, instead, relied upon her review of certain records maintained by SLS. "When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, a proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681 [alterations and internal quotation marks omitted]; see LNV Corp. v Almberg, 194 AD3d 703, 704). Moreover, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205; see U.S. Bank N.A. v Rowe, 194 AD3d 978, 980).
The plaintiff failed to demonstrate, prima facie, the defendant's default in payment under the note. In her affidavit, Wallace stated that the defendant failed to make certain payments due under the terms of the note and mortgage, but she failed to identify the records that she relied upon and did not attach those records to her affidavit (see U.S. Bank N.A. v Ramanababu, 202 AD3d at 1141; Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d 867, 868; Wells Fargo Bank, N.A. v Sesey, 183 AD3d 780, 782). Thus, her assertions as to the defendant's default were inadmissible hearsay (see Deutsche Bank Trust Co. Ams. v Miller, 198 AD3d at 868; Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 550). Contrary to the plaintiff's suggestion, a review of records maintained in the normal course of business does not vest an affiant with personal knowledge (see U.S. Bank N.A. v Ramanababu, 202 AD3d at 1142; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517). Since Wallace's affidavit was the only evidence of default proffered in support of its motion, the plaintiff failed to establish it prima facie entitlement to judgment as a matter of law.
Further, contrary to the Supreme Court's determination, the defendant did not waive the defense of the plaintiff's failure to strictly comply with the notice provisions of RPAPL 1304. Where, as here, the loan underlying the mortgage is a home loan within the meaning of RPAPL 1304, strict compliance with the statutory notice requirements to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing its strict compliance with this condition (see Bank of Am., N.A. v Kessler, 202 AD3d 10, 14; USBank N.A. v Haliotis, 185 AD3d 756, 758). Failure to comply with RPAPL 1304 is a defense that may be raised at any time during the action (see Wells Fargo Bank, N.A. v Davidson, 202 AD3d 880, 882; Citimortgage, Inc. v Dente, 200 AD3d 1025, 1027). Therefore, the defendant's failure to raise the defense in his answer did not preclude him from asserting it for the first time in opposition to the plaintiff's motion for summary judgment (see LNV Corp. v Almberg, 194 AD3d at 704; U.S. Bank N.A. v Powell, 187 AD3d 1238, 1240).
The plaintiff failed to establish its strict compliance with RPAPL 1304. The plaintiff relied upon Wallace's affidavit, in which she averred that the RPAPL 1304 notice was sent to the defendant by certified and first-class mail. Although Wallace averred that she had personal knowledge of SLS's record-keeping practices and procedures, the business records she relied upon and attached to the affidavit were created by other entities. Wallace did not aver that she had personal knowledge of those entities' business practices and procedures, or otherwise provide a proper foundation for the admission of those records (see Federal Natl. Mtge. Assn. v Allanah, 200 AD3d 947, 949; Wells Fargo Bank, N.A. v Hirsch, 186 AD3d 1458, 1459). Moreover, even if the relied upon records were admissible, they failed to establish compliance with the mailing requirements of RPAPL 1304 (see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the [*3]defendant, to strike his answer, and for an order of reference (see U.S. Bank N.A. v Ramanababu, 202 AD3d at 1142).
We decline the defendant's request to search the record and award him summary judgment dismissing the complaint insofar as asserted against him.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court