Wells Fargo Bank, N.A. v Pane (2022 NY Slip Op 06516)

Wells Fargo Bank, N.A. v Pane

2022 NY Slip Op 06516

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-08114
 (Index No. 609423/15)

[*1]Wells Fargo Bank, N.A., etc., respondent, 
v
Salvatore Pane, et al., defendants, Sophia Antonella 2009, LLC, appellant.

Young Law Group, PLLC, Bohemia, NY (Justin Pane and Daniel G. Eugene of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sophia Antonella 2009, LLC, appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated March 2, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sophia Antonella 2009, LLC, to strike that defendant's answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sophia Antonella 2009, LLC, to strike that defendant's answer, and for an order of reference are denied.
On May 23, 2006, Salvatore Pane executed a note in the sum of $191,200 in favor of U.S.A. Mortgage Bankers of America, Inc. The note was secured by a mortgage on residential property in Medford (hereinafter the premises). The mortgage was later assigned to the plaintiff. By quitclaim deed dated June 23, 2011, Pane conveyed the premises to the defendant Sophia Antonella 2009, LLC (hereinafter the defendant). Pane died on November 15, 2014.
On September 1, 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer dated October 16, 2015. In September 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In support of its motion, the plaintiff submitted, among other things, the affidavit of
Elizabeth Gonzales, a "Default Document Manager" with Carrington Mortgage Services, LLC, the plaintiff's loan servicer and attorney-in-fact. Gonzales averred therein, based on her review of "the business records," that Pane failed to make the required payments due on April 1, 2014, and thereafter. The defendant opposed the motion, arguing that the plaintiff failed to submit admissible evidence of the alleged payment default. In an order dated March 2, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
"In moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782; see BNH Milf, LLC v Milford St. Props., LLC, 192 AD3d 960, 962). "The plaintiff has the burden of [*2]establishing its prima facie entitlement to summary judgment by proof in admissible form" (Emigrant Bank v Cohen, 205 AD3d 103, 112; see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d at 782). "'Among other things, a plaintiff can establish a default by submission of an affidavit from a person having personal knowledge of the facts, or other evidence in admissible form'" (Wells Fargo Bank, N.A. v Gross, 202 AD3d 882, 885, quoting Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549).
Here, the plaintiff failed to establish, prima facie, Pane's default in payment under the note. In her affidavit, Gonzales did not demonstrate that she had personal knowledge of the alleged default. Moreover, she failed to identify the entity whose business records she reviewed and did not aver that she was familiar with that entity's record-keeping practices and procedures (cf. Nationstar Mtge., LLC v Koznitz I, LLC, 208 AD3d 500, 502). Further, Gonzales did not identify the records she relied upon in order to attest to the default, and did not attach them to her affidavit (see U.S. Bank N.A. v Ramanababu, 202 AD3d 1139, 1141-1142; Deutsche Bank Natl. Trust Co. v McGann, 183 AD3d 700, 702). Thus, Gonzales's assertions regarding the alleged default constituted inadmissible hearsay and lacked probative value (see Wells Fargo Bank, N.A. v Gross, 202 AD3d at 885; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550). Although the plaintiff submitted an additional affidavit by Gonzales along with the payment history for the subject loan with its reply papers, a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851; Citibank, N.A. v Yanling Wu, 199 AD3d 43, 58).
Since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike its answer, and for an order of reference should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Citibank, N.A. v Yanling Wu, 199 AD3d at 58).
CONNOLLY, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court