Wells Fargo Bank, N.A. v Paulsen (2025 NY Slip Op 02120)

Wells Fargo Bank, N.A. v Paulsen

2025 NY Slip Op 02120

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0343
[*1]Wells Fargo Bank, N.A., Appellant,
v
Ryan Paulsen et al., Defendants.

Calendar Date:February 19, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Ceresia, JJ.

Reed Smith LLP, New York City (Ofunne N. Edoziem of counsel), for appellant.

Lynch, J.
Appeal from an order of the Supreme Court (Susan Kushner, J.), entered December 15, 2023 in Albany County, which partially denied plaintiff's motion for, among other things, summary judgment.
In May 2008, Kathleen Paulsen (hereinafter Paulsen) executed a note to borrow $166,000 from AmTrust Bank, secured by a mortgage on property in Albany County. The mortgage was assigned to plaintiff in 2019. Thereafter, by quitclaim deed dated May 9, 2021, Paulsen conveyed the property to defendant Ryan Paulsen (hereinafter defendant). Plaintiff initiated this mortgage foreclosure action in November 2021 against defendant (but not Paulsen), alleging default in the payment due on August 1, 2019. Defendant answered, raising as affirmative defenses that plaintiff failed to comply with the notice requirements of RPAPL 1303, 1304 and 1306. Thereafter, Supreme Court partially denied plaintiff's unopposed summary judgment motion, finding that plaintiff failed to demonstrate compliance with these statutory notice provisions. Plaintiff appeals.
We modify by granting the motion in its entirety, for several reasons. To begin, a failure to comply with RPAPL 1304 is a personal defense that defendant, as a stranger to the note and mortgage, was not authorized to assert (see RPAPL 1302 [2]; U.S. Bank N.A. v Medina, 230 AD3d 1371, 1377 [2d Dept 2024]; Nationstar Mtge., LLC v Koznitz I, LLC, 208 AD3d 500, 503 [2d Dept 2022]; Deutsche Bank Natl. Trust Co. v Gendelman, 195 AD3d 792, 793 [2d Dept 2021]; Bank of N.Y. Mellon Trust Co., NA v Obadia, 176 AD3d 1020, 1024 [2d Dept 2019]). Given that RPAPL 1306 requires a foreclosing party to file notice with the Superintendent of Financial Services confirming compliance with RPAPL 1304, the same limitation applies.
Even so, the record demonstrates that plaintiff did comply with the notice requirements of both RPAPL 1304 and 1306. To that end, plaintiff submitted the affidavit of Jaci Stevens, plaintiff's vice president of loan documentation, who represented that she had personal knowledge of plaintiff's mailing practices and procedures. In that regard, plaintiff utilized the services of a separate entity, Covius Services, LLC, to generate and mail the required default notices utilizing loan information provided by plaintiff. Plaintiff obtains copies of the notices sent and proof of mailings from Covius, incorporates this documentation into its business records and routinely relies on those records. The record documentation shows that the 90-day notice required under RPAPL 1304 was mailed to Paulsen on or about July 9, 2021 and that a corresponding proof of mailing was filed with the Superintendent of Financial Services, as required by RPAPL 1306. Contrary to Supreme Court's determination, the referenced records do qualify as plaintiff's business records excepted from the hearsay rule (see Federal Natl. Mtge. Assn. v Krell, 231 AD3d 1334, 1336 [3d Dept 2024]; Velocity Invs. LLC v Lymon, 218 AD3d 1091, 1093-1094 [3d Dept 2023]; Deutsche [*2]Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2024-2025 [3d Dept 2020]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [3d Dept 2015]).
We turn next to RPAPL 1303 (1) (a), which provides that a foreclosing party must deliver a separate notice to a mortgagor, along with the summons and complaint, when the action "relates to an owner-occupied one-to-four family dwelling" (see RPAPL 1303 [2]). The notice is required to be captioned as "Help for Homeowners in Foreclosure" (RPAPL 1303 [3]). Here, the record reflects that plaintiff served the summons and complaint with the RPAPL 1303 notice on defendant, but not on Paulsen. As a consequence, Supreme Court found that plaintiff failed to meet the requirements of RPAPL 1303. We disagree. Having deeded the property to defendant before the action was commenced, Paulsen was no longer an owner-occupant within the scope of RPAPL 1303 (1) (a). Moreover, since Paulsen was not a named party, she was not subject to any deficiency judgment (see RPAPL 1371 [1]). Under these circumstances, plaintiff was not required to serve an RPAPL 1303 notice on Paulsen.[FN1]
Accordingly, we conclude that plaintiff's motion for summary judgment should have been granted in its entirety.
Egan Jr., J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as partially denied plaintiff's motion for summary judgment; motion granted in its entirety; and, as so modified, affirmed.

Footnotes

Footnote 1: We are mindful that there is a discrepancy in the record as to whether Paulsen passed away before or after the action was commenced. The only record information is that Paulsen passed away in December 2022, more than a year after the action was commenced. In any event, since Paulsen was not the owner when the action was commenced and no claim was made against her, neither Paulsen nor a representative of her estate was a necessary party (see RPAPL 1311 [1]; U.S. Bank, N.A. v Carrington, 179 AD3d 743, 744 [2d Dept 2020]; US Bank N.A. v Esses, 132 AD3d 847, 848 [2d Dept 2015]; HSBC Bank USA v Ungar Family Realty Corp., 111 AD3d 673, 673-674 [2d Dept 2013]).