Nationstar Mtge., LLC v Lewis (2025 NY Slip Op 02789)

Nationstar Mtge., LLC v Lewis

2025 NY Slip Op 02789

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-00274
 (Index No. 508130/15)

[*1]Nationstar Mortgage, LLC, respondent,
v
Ian O. Lewis, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ian O. Lewis appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 7, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied.
In June 2015, the plaintiff commenced this action against, among others, the defendant Ian O. Lewis (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. In an order dated April 20, 2017, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee to compute the amount due to the plaintiff. Thereafter, the referee issued a report, and the plaintiff moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion, and cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate portions of the order dated April 20, 2017. In an order dated October 7, 2022, the court, among other things, denied the defendant's cross-motion. In an order and judgment of foreclosure and sale dated October 7, 2022, the court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property. The defendant appeals.
Generally, the report of a referee should be confirmed whenever the findings are substantially supported by the record (see HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 777; U.S. Bank N.A. v Tenenbaum, 228 AD3d 694, 696). Here, the referee computed the amount due to the plaintiff based upon the affidavit of an employee of the plaintiff and certain business records. Although the affiant purported to have personal knowledge of the amounts due and owing on the loan, she averred that this was based upon her review of the plaintiff's records. "[A] review of records maintained in the normal course of business does not vest an affiant with personal [*2]knowledge" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517; see U.S. Bank N.A. v Zakarin, 208 AD3d 1275, 1277). The affiant also failed to establish a proper foundation for the admission of all of the business records relied upon (see CPLR 4518[a]). "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see U.S. Bank N.A. v Zakarin, 208 AD3d at 1277). Here, the referee's findings with respect to the total amount due on the note were premised upon a payment history beginning in 2009. The plaintiff, however, did not acquire the note until 2013. The plaintiff's affiant failed to establish a proper foundation for the admission of the records from 2009 to 2013 (see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 721; Citibank, N.A. v Cabrera, 130 AD3d at 861-862), and, therefore, the referee's report was not substantially supported by the record.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
Since the defendant failed to oppose the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against him, did not obtain vacatur of so much of the order dated April 20, 2017, as granted that branch of the plaintiff's motion, and does not seek such vacatur on this appeal, the defendant cannot raise on this appeal the plaintiff's alleged failure to comply with RPAPL 1303 and 1304 (see Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 877; JPMorgan Chase Bank, N.A. v Bracco, 200 AD3d 765, 766; HSBC Bank USA, N.A. v Perry, 178 AD3d 685, 686).
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court