JPMorgan Chase Bank, Natl. Assn. v Gershfeld (2020 NY Slip Op 05895)





JPMorgan Chase Bank, Natl. Assn. v Gershfeld


2020 NY Slip Op 05895


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2017-07157
2018-03124
 (Index No. 65736/12)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Michelle G. Gershfeld, etc., appellant, et al., defendants.


Smallman + Snyder Law Group, New York, NY (David B. Smallman of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt and Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michelle G. Gershfeld appeals from (1) an order of the Supreme Court, Westchester County (David F. Everett, J), dated April 28, 2017, and (2) a judgment of foreclosure and sale of the same court dated January 31, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order appointing a referee to compute the amount due and owing to the plaintiff. The judgment of foreclosure and sale, upon the order, confirmed the referee's report and is in favor of the plaintiff and against that defendant directing a foreclosure and sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Michelle G. Gershfeld, to strike that defendant's answer, and for an order of reference are denied, and the order dated April 28, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The appeal from the order dated April 28, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]).
In September 2012, the plaintiff commenced this action against, among others, the defendant Michelle G. Gershfeld (hereinafter the defendant) to foreclose a mortgage. The defendant [*2]interposed an answer. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. By order dated April 28, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The court subsequently entered a judgment of foreclosure and sale dated January 31, 2018. The defendant appeals.
We disagree with the Supreme Court's determination that the plaintiff established, prima facie, its compliance with RPAPL 1304. That statute provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]). Notice must be sent both by registered or certified mail, and by first class mail (see RPAPL 1304[2]). "'[P]roper service of RPAPL [1304] notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [citations omitted]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, in support of its motion for summary judgment, the plaintiff submitted, inter alia, the affidavit of Ray Thacker, a vice president of the plaintiff, based upon his review of his employer's records, which were attached thereto. However, Thacker's affidavit contained no statement as to Thacker's personal familiarity with the mailing practices of his employer (see HSBC Bank USA, N.A. v Sawh, 177 AD3d 959, 961; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517-1518; CitiMortgage, Inc. v Osario, 174 AD3d 496, 498; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1015-1016).
Moreover, although Thacker's affidavit laid a proper foundation for the admission of the business records which were attached thereto (see CPLR 4518[a]; Citibank, N.A. v Cabrera, 130 AD3d 861, 861-862), the content of those records did not demonstrate, prima facie, that the requisite RPAPL 1304 mailings were completed. The copies of letters addressed to the defendant, bearing 20-digit bar codes, were insufficient to demonstrate, prima facie, that the certified mailing or first class mailing actually occurred (see CitiMortgage, Inc. v Osorio, 174 AD3d at 498; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). The "Proof of Filing Statement" from the New York State Banking Department, pursuant to RPAPL 1306, reflecting a tracking number, a "Mailing Date Step 1" of May 16, 2012, and a "Filing Date Step 1" of May 17, 2012, also was insufficient to demonstrate, prima facie, the plaintiff's compliance with all of the requirements of RPAPL 1304 (see Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; see also Bank of Am., N.A. v Wheatley, 158 AD3d 736, 738).
Because the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304," and therefore failed to establish, prima facie, its entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either have been rendered academic in light of the foregoing, or are raised for the first time on appeal.
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court