US Bank N.A. v Javier (2021 NY Slip Op 03861)





US Bank N.A. v Javier


2021 NY Slip Op 03861


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02772
2019-11651
2019-11652
 (Index No. 12815/10)

[*1]US Bank National Association, appellant,
v
Junior Javier, respondent, et al., defendants.


Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Avi Rosengarten, Brooklyn, NY, for respondent.
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 20, 2017, (2) an order of the same court dated November 30, 2017, and (3) an order of the same court dated December 13, 2018. The order dated April 20, 2017, insofar as appealed from, denied the plaintiff's motion, inter alia, to restore the action to the court's calendar. The order dated November 30, 2017, insofar as appealed from, denied the plaintiff's motion to vacate a conditional order of dismissal of the same court dated November 19, 2013, and to restore the action to the court's calendar. The order dated December 13, 2018, denied the plaintiff's motion, in effect, for leave to reargue its prior motion to vacate the conditional order of dismissal dated November 19, 2013, and to restore the action to the court's calendar.



DECISION & ORDER
Motion by the defendant Junior Javier to dismiss the appeal from the order dated December 13, 2018, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated September 25, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof. Separate motion by the defendant Junior Javier, inter alia, to dismiss the appeals from the orders dated April 20, 2017, November 30, 2017, and December 13, 2018, on the ground, inter alia, that they are untimely taken. By decision and order on motion of this Court dated June 15, 2020, that branch of the separate motion which is to dismiss the appeals on the ground, inter alia, that they are untimely taken was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order dated December 13, 2018, on the ground that no appeal lies from an order denying reargument is granted; and it is further,
ORDERED that those branches of the separate motion which are to dismiss the appeals from the orders dated April 20, 2017, and November 30, 2017, as untimely taken are granted; and it is further,
ORDERED that the branch of the separate motion which is to dismiss the appeal from the order dated December 13, 2018, is denied as academic; and it is further,
ORDERED that the appeals are dismissed, with costs.
In May 2010, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Brooklyn. On November 19, 2013, the Supreme Court issued a conditional order of dismissal pursuant to CPLR 3216, and when the plaintiff failed to comply with the conditional order, the action was administratively dismissed.
In August 2016, the plaintiff moved, inter alia, to restore the action to the court's calendar. In an order dated April 20, 2017, the Supreme Court, among other things, denied the plaintiff's motion. In August 2017, the plaintiff moved to vacate the conditional order and to restore the action to the court's calendar, arguing that the conditional order was improper. In an order dated November 30, 2017, the court, inter alia, denied the plaintiff's motion.
In September 2018, the plaintiff filed a motion denominated as one to vacate the conditional order, again arguing that the conditional order was improper. In an order dated December 13, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from the orders dated April 20, 2017, November 30, 2017, and December 13, 2018.
"An appeal as of right must be taken within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513[a]). "The time period for filing a notice of appeal is nonwaivable and jurisdictional" (Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417, 417). Here, the defendant Junior Javier established that the plaintiff was served with copies of the orders dated April 20, 2017, and November 30, 2017, and written notices of their entry in March 2019. The plaintiff did not file its notices of appeal from those orders until August 23, 2019, nearly five months after it was served with the orders and notices of their entry. Accordingly, the appeals from the orders dated April 20, 2017, and November 30, 2017, must be dismissed as untimely.
Although the plaintiff's September 2018 motion was denominated as one to vacate the conditional order, it sought the same relief on the same grounds asserted in the prior motion to vacate the conditional order and to restore the action to the court's calendar. Accordingly, the September 2018 motion was, in effect, a motion for leave to reargue the prior motion to vacate and restore (see Freed v Best, 175 AD3d 1493, 1494; Ciampa Org., LLC v Vergara, 171 AD3d 695, 696). Since no appeal lies from an order denying reargument, the appeal from the order dated December 13, 2018, must be dismissed (see Freed v Best, 175 AD3d at 1494; Ciampa Org., LLC v Vergara, 171 AD3d at 696).
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court