HSBC Bank USA, N.A. v Michalczyk (2022 NY Slip Op 07222)

HSBC Bank USA, N.A. v Michalczyk

2022 NY Slip Op 07222

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2018-02510
2018-06988
2018-08984
 (Index No. 600223/15)

[*1]HSBC Bank USA, N.A., respondent,
v
Mildred J. Michalczyk, defendant-appellant, et al., defendants; Peter Czech, nonparty-appellant.

Mildred J. Michalczyk, E. Farmingdale, NY, defendant-appellant pro se, and Peter Czech, E. Farmingdale, NY, nonparty-appellant pro se (one brief filed).
Fein, Such & Crane, LLP, Westbury, NY (Michael S. Hanusek of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mildred J. Michalczyk and nonparty Peter Czech appeal from (1) an order of the Supreme Court, Suffolk County (John J. Toomey, J.), dated December 20, 2017, (2) an order of the same court, also dated December 20, 2017, and (3) an order of the same court (Howard H. Heckman, Jr., J.) dated April 30, 2018. The first order dated December 20, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mildred J. Michalczyk, to strike her answer, affirmative defenses, and counterclaims, to amend the caption to substitute the name Peter Czech in place of "John Doe #1" and for leave to enter a default judgment against him, and for an order of reference, and denied the cross motion of the defendant Mildred J. Michalczyk for summary judgment dismissing the complaint insofar as asserted against her. The second order dated December 20, 2017, insofar as appealed from, granted those same branches of the plaintiff's motion, struck the answer and counterclaims of the defendant Mildred J. Michalczyk, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The order dated April 30, 2018, denied the motion of the defendant Mildred J. Michalczyk and Peter Czech, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue the opposition of the defendant Mildred J. Michalczyk to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference, and the prior cross motion of the defendant Mildred J. Michalczyk for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the appeal from the order dated April 30, 2018, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeals by Peter Czech from the orders dated December 20, 2017, are dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; HSBC Bank, USA, N.A. v Carpinelli, 207 AD3d 707; U.S. Bank N.A. v Persaud, [*2]175 AD3d 1343, 1344); and it is further,
ORDERED that the appeals by the defendant Mildred J. Michalczyk from so much of the orders dated December 20, 2017, as granted that branch of the plaintiff's motion which was to amend the caption to substitute the name Peter Czech in place of "John Doe #1" and for leave to enter a default judgment against him are dismissed, as she is not aggrieved by those portions of the orders (see CPLR 5511; Wells Fargo Bank, N.A. v Arratia, 207 AD3d 598; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the first order dated December 20, 2017, is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mildred J. Michalczyk, to strike her answer, affirmative defenses other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the first order dated December 20, 2017, is affirmed insofar as reviewed on the appeal by the defendant Mildred J. Michalczyk, and so much of second order dated December 20, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mildred J. Michalczyk, to strike her answer, affirmative defenses other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, struck the answer and counterclaims of the defendant Mildred J. Michalczyk, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan is vacated; and it is further,
ORDERED that the appeal by the defendant Mildred J. Michalczyk from so much of the second order dated December 20, 2017, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Mildred J. Michalczyk, to strike her answer, affirmative defenses other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, struck the answer and counterclaims of the defendant Mildred J. Michalczyk, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan is dismissed as academic in light of our determination on the appeal from the first order dated December 20, 2017; and it is further,
ORDERED that the second order dated December 20, 2017, is affirmed insofar as reviewed on the appeal by the defendant Mildred J. Michalczyk; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mildred J. Michalczyk, payable by the plaintiff.
In 2015, the plaintiff commenced this action to foreclose a mortgage on certain residential property in Babylon against, among others, the defendant Mildred J. Michalczyk (hereinafter the borrower), who had obtained a home equity line of credit secured by the mortgage, and "John Doe #1." The borrower interposed an answer which denied the allegations in the complaint and asserted various affirmative defenses, including lack of standing and failure to comply with the notice provisions of the mortgage agreement and RPAPL 1304, and several counterclaims. Peter Czech was served with a copy of the summons and complaint as "John Doe #1," but he did not appear or answer the complaint.
After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the borrower, to strike her answer, affirmative defenses, and counterclaims, to amend the caption to substitute Czech in place of "John Doe #1" and for leave to enter a default judgment against him, and for an order of reference. The borrower opposed those branches of the motion which sought summary judgment on the complaint insofar as asserted against her, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference, and cross-moved for summary judgment dismissing the complaint insofar as asserted against her. In opposition to those branches of the plaintiff's motion and in support of her cross motion, the borrower argued, inter alia, that the plaintiff lacked standing and failed to comply with the notice provisions of the mortgage agreement and [*3]RPAPL 1304. Czech did not oppose the plaintiff's motion.
In an order dated December 20, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the borrower's cross motion. In a second order dated December 20, 2017, the court, among other things, granted those branches of the plaintiff's motion, struck the borrower's answer and counterclaims, and referred the matter to a referee to ascertain and compute the amount due on the loan. Thereafter, the borrower and Czech moved for what they denominated as leave to renew and reargue, but which was actually for leave to reargue the borrower's opposition to those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference, and her prior cross motion for summary judgment dismissing the complaint insofar as asserted against her. In an order dated April 30, 2018, the court characterized the motion as one for leave to reargue and denied the motion. The borrower and Czech (hereinafter together the appellants) appeal from the two orders dated December 20, 2017, and the order dated April 30, 2018.
The Supreme Court properly treated the appellants' motion as one for leave to reargue, since it was not based upon "new facts" and they did not offer a reasonable justification for the failure to present such facts in opposition to the plaintiff's motion and in support of the borrower's cross motion (see CPLR 2221[e]; Lancer Ins. Co. v Cortes, 208 AD3d 1176; U.S. Bank, N.A. v Russell-Esposito, 71 AD3d 1127). Thus, the appeal from the order dated April 30, 2018, must be dismissed, as the denial of leave to reargue is not appealable (see HSBC Bank USA, N.A. v Nieves, 199 AD3d 665, 666; Deutsche Bank Natl. Trust Co. v Lewin, 199 AD3d 642, 643; US Bank N.A. v Javier, 195 AD3d 874, 876).
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Contrary to the borrower's contention, the plaintiff demonstrated, prima facie, its standing to commence the action by demonstrating that it was the holder of the note at the time that the action was commenced, as evidenced by its attachment of the home equity line of credit agreement, endorsed in blank, to the complaint that was filed in this action (see JPMorgan Chase Bank, N.A. v Garcete, 203 AD3d 1149, 1150; U.S. Bank N.A. v Rowe, 194 AD3d 978, 980; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 942). In opposition, the borrower failed to raise a triable issue of fact.
Nevertheless, the Supreme Court erred in determining that the plaintiff established, prima facie, its compliance with RPAPL 1304. Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of the condition (see Deutsche Bank Natl. Trust Co. v Pariser, 207 AD3d 518, 520-521; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). The statute provides, among other things, that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences . . . mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower" (RPAPL 1304[1]), and that such notice shall be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish its strict compliance with RPAPL 1304. The plaintiff relied upon the affidavit of Summer Young, a vice president of the plaintiff's purported loan servicer. The affidavit was based upon Young's review of her employer's records, which were [*4]attached thereto. Young did not aver that she had personal knowledge of the mailing, and her affidavit did not contain proof of the standard office mailing procedure at the time the RPAPL 1304 notice allegedly was sent (see Capital One, N.A. v Liman, 193 AD3d 808, 810; JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d 1003, 1004). Nor did the annexed records demonstrate, prima facie, that the requisite RPAPL 1304 mailings were completed (see JPMorgan Chase Bank, N.A. v Gershfeld, 187 AD3d at 1005; Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1293, 1295). Because the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304," and therefore failed to establish, prima facie, its entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see Pennymac Corp. v Levy, 207 AD3d 735, 737; U.S. Bank N.A. v Tiburcio, 197 AD3d 528, 530). The plaintiff also failed to establish, prima facie, that it complied with the notice of default requirement of the mortgage agreement (see Federal Natl. Mtge. Assn. v Young, 207 AD3d 442, 444; Ditech Fin., LLC v Naidu, 198 AD3d 611, 615).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrower, to strike her answer, affirmative defenses other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied the borrower's cross motion, as she failed to offer any evidence demonstrating her entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her (see CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850; Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 792).
The borrower's remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court