Bank of Am., N.A. v Greene (2023 NY Slip Op 02486)

Bank of Am., N.A. v Greene

2023 NY Slip Op 02486

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2019-12538
2019-12539
 (Index No. 4351/13)

[*1]Bank of America, N.A., respondent,
v
Larry D. Greene, et al., appellants, et al., defendants.

Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.
Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Larry D. Greene, Sherry Greene, Nina L. Greene, and Brandon Greene appeal from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered August 6, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Larry D. Greene, Sherry Greene, and Nina L. Greene, to strike those defendants' answer and affirmative defenses, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeals by the defendant Brandon Greene are dismissed, as no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914); and it is further,
ORDERED that the orders are affirmed insofar as appealed from by the defendants Larry D. Greene, Sherry Greene, and Nina L. Greene; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2013, the plaintiff commenced this action against, among others, the defendants Larry D. Greene, Sherry Greene, and Nina L. Greene (hereinafter collectively the borrowers) to foreclose a mortgage on certain real property located in Freeport. The borrowers interposed an answer in which they asserted various affirmative defenses, including the plaintiff's lack of standing. The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the borrowers, to strike their answer and affirmative defenses, and for an order of reference. The borrowers opposed the motion. In an order entered August 6, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In a second order entered August 6, 2019, the court, among other things, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The borrowers appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Nationstar Mtge., LLC v Koznitz I, LLC, 208 AD3d 500, 502 [internal quotation marks omitted]). Where, as here, the plaintiff's standing has been placed in issue by the [*2]borrowers' answer, the plaintiff must also prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932).
Here, the plaintiff established, prima facie, the borrowers' default in payment. In support of its motion, the plaintiff submitted, among other things, the affidavit of Leticia Pasillas, an assistant vice president of the plaintiff, who, based upon her review of the business records of the plaintiff and its predecessor, attested to the borrowers' default in payment. Pasillas made the requisite showing that she was familiar with the plaintiff's record-keeping practices and procedures (see CPLR 4518[a]), identified the records upon which she relied, and attached the records to her affidavit (cf. Nationstar Mtge., LLC v Koznitz I, LLC, 208 AD3d at 502).
The plaintiff also established, prima facie, that it had standing to commence this action by demonstrating that it was in physical possession of the note, which had been endorsed in blank, at the time the action was commenced (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203, 206-207). In this regard, the plaintiff submitted the affidavit of an employee of the law firm representing the plaintiff at the time the action was commenced, who stated that certain business records, which were maintained by her employer and attached to her affidavit, demonstrated that her employer had been in possession of the original note endorsed in blank since December 20, 2011, and specifically on April 11, 2013, the date the action was commenced.
In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the borrowers failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the borrowers, to strike their answer and affirmative defenses, and for an order of reference.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court