Citimortgage, Inc. v Sultan (2024 NY Slip Op 04542)

Citimortgage, Inc. v Sultan

2024 NY Slip Op 04542

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04844
2022-04845
 (Index No. 23303/10)

[*1]Citimortgage, Inc., respondent, 
v
Andre Sultan, etc., appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Akerman LLP, New York, NY (Scott B. Brenner and Jordan M. Smith of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andre Sultan appeals from two orders of the Supreme Court, Kings County (Robin K. Sheares, J.), both dated December 8, 2021. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Andre Sultan, to strike his answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Andre Sultan, to strike his answer, and for an order of reference are denied.
The plaintiff commenced this action against the defendant Andre Sultan (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Brooklyn. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order dated December 8, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In a second order also dated December 8, 2021, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Hudson City Sav. Bank v Genuth, 148 AD3d 687, 688-689 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545, 546). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendant, the plaintiff must also prove its standing as part of its prima facie showing (see Bank of Am., N.A. v Greene, 216 AD3d 718, 719; see Wells Fargo Bank, N.A. v Inigo, 164 AD3d at 546).
Contrary to the defendant's contention, the plaintiff established, prima facie, that it [*2]had standing to commence this action by demonstrating that it had possession of the original note, endorsed to the plaintiff, at the time the action was commenced (see Wells Fargo Bank, N.A. v Grosz, 173 AD3d 1247, 1249; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). Moreover, the plaintiff also established, prima facie, that it delivered the required notice of default in accordance with paragraph 22, and relatedly, paragraph 15, of the mortgage agreement (see MLB Sub I, LLC v Mathew, 202 AD3d 1078, 1080).
However, the plaintiff failed to establish, prima facie, the defendant's default in payment. In support of its motion, the plaintiff submitted, among other things, an affidavit of Stephanie A. Green, a "Vice President - Document Control" of the plaintiff, who attested to the defendant's default in payment. While Green made the requisite showing that she was familiar with the plaintiff's record-keeping practices and procedures (see CPLR 4518[a]), she did not identify the records that she relied upon in attesting to the defendant's default in payment (see Bank of New York Mellon v Mannino, 209 AD3d 707, 708; Bank of New York Mellon v Gordon, 171 AD3d 197, 210). Although the plaintiff submitted payment records allegedly relating to the defendant's mortgage loan in support of its motion, Green did not indicate that those records were attached to, or otherwise incorporated into, her affidavit. Rather, those records were attached as an exhibit to an affirmation of the plaintiff's attorney, and the attorney did not allege personal knowledge of the plaintiff's record-keeping practices and procedures (see Bank of New York Mellon v Gordon, 171 AD3d at 210). Under these circumstances, the plaintiff failed to lay the proper foundation for the admission of the payment records into evidence and failed to establish, prima facie, the defendant's default in payment (see id.).
Since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court