Deutsche Bank Natl. Trust Co. v Gambino (2026 NY Slip Op 01337)

Deutsche Bank Natl. Trust Co. v Gambino

2026 NY Slip Op 01337

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-03156
2023-05496
 (Index No. 130026/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vJoanne Gambino, appellant, et al., defendants.

Howard M. File, Esq., P.C., Staten Island, NY (Christopher J. Soverow of counsel), for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joanne Gambino appeals from (1) an order of the Supreme Court, Richmond County (Desmond Green, J.), dated March 20, 2023, and (2) an order of the same court dated April 5, 2023. The order dated March 20, 2023, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her and to schedule an inquest to determine an award of attorneys' fees, and granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant Joanne Gambino, to strike that defendant's answer, for an order of reference, and to amend the caption to substitute "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4," as the plaintiff. The order dated April 5, 2023, insofar as appealed from, denied the same relief to the defendant Joanne Gambino, granted the same relief to the plaintiff, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from the order dated March 20, 2023, is dismissed, as the portions of the order appealed from were superseded by the order dated April 5, 2023; and it is further,
ORDERED that the order dated April 5, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2009, the plaintiff, denominated as "Deutsche Bank National Trust Company[,] as Trsutee [sic]," commenced this action against the defendant Joanne Gambino (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Staten Island. The Supreme Court directed the plaintiff to file a motion for an order of reference on or before May [*2]31, 2012, "or the matter will be dismissed for plaintiff's failure to prosecute." The plaintiff took no further action, and this action was administratively dismissed in July 2012.
In 2015, the plaintiff, denominated as "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4," commenced a second action against the defendant, among others, to foreclose the mortgage (hereinafter the 2015 action). The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint in the 2015 action insofar as asserted against her as time-barred. In an order dated March 17, 2016, the Supreme Court denied the defendant's motion. On appeal, this Court modified the order by granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint in the 2015 action insofar as asserted against her as time-barred (see Deutsche Bank Natl. Trust. Co. v Gambino, 153 AD3d 1232 [hereinafter Gambino I]).
Thereafter, this action was restored to the active calendar (see Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d 558, 560). The defendant subsequently moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her and to schedule an inquest to determine an award of attorneys' fees, arguing that the plaintiff lacked standing. The plaintiff opposed the defendant's motion and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, for an order of reference, and to amend the caption to substitute "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4," as the plaintiff. In an order dated March 20, 2023, the Supreme Court, among other things, denied those branches of the defendant's motion and granted those branches of the plaintiff's cross-motion. In an order dated April 5, 2023, the court, inter alia, denied the same relief to the defendant, granted the same relief to the plaintiff, and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Judicial estoppel, or the doctrine of inconsistent positions, precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (Ford Motor Credit Co. v Colonial Funding Corp., 215 AD2d 435, 436; see H & R Block Bank v Page, 199 AD3d 780). Here, contrary to the defendant's contention, the doctrine of judicial estoppel does not preclude the plaintiff from arguing that it has standing since the plaintiff did not secure a favorable judgment in Gambino I (see Capital One, N.A. v Trubitsky, 206 AD3d 608, 610; Deutsche Bank Natl. Trust Co. v Gambino, 181 AD3d at 560).
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Greene, 216 AD3d 718, 719 [internal quotation marks omitted]). "In addition, where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief" (U.S. Bank N.A. v Godwin, 137 AD3d 1260, 1261). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff established, prima facie, that it had standing to commence this action by demonstrating that it was in physical possession of the original note, which had been endorsed in blank, at the time the action was commenced (see Bank of Am., N.A. v Greene, 216 AD3d at 719-720; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). The plaintiff submitted an affidavit of Gina Feezer, a senior loan analyst employed by Ocwen Financial Corporation, whose indirect subsidiary, PHH Mortgage Corporation (hereinafter PHH), is the plaintiff's loan servicer and [*3]attorney-in-fact. Feezer stated that she was familiar with PHH and PHH's records and record-keeping practices and that the records of prior servicers had been incorporated into PHH's records and relied upon by PHH in the regular course of business. Feezer stated that the plaintiff took possession of the original "wet ink" note on January 26, 2004, a date prior to the commencement of this action. Feezer attached a business record stating that the original note was delivered to the plaintiff on January 26, 2004, as well as a copy of the note.
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact.
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to dismiss the complaint insofar as asserted against her or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against her and to schedule an inquest to determine an award of attorneys' fees, and properly granted those branches of the plaintiff's cross-motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, for an order of reference, and to amend the caption to substitute "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2004-NC4, Mortgage Pass-Through Certificates, Series 2004-NC4," as the plaintiff.
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court