Deutsche Bank Natl. Trust Co. v Spencer (2026 NY Slip Op 01768)

Deutsche Bank Natl. Trust Co. v Spencer

2026 NY Slip Op 01768

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-05858
 (Index No. 5122/19)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
vKevin Spencer, etc., appellant, et al., defendants.

The Hilpert Law Offices, Croton-on-Hudson, NY (Luke P. Hilpert and Jeffrey P. Rogan of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (S. Sherry Xia and Schuyler Kraus of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kevin Spencer appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Orange County (James L. Hyer, J.), dated June 9, 2022. The order and judgment of foreclosure and sale, upon an order of the same court (Catherine M. Bartlett, J.) dated September 27, 2021, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Kevin Spencer and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure an sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In June 2019, the plaintiff commenced this action against the defendant Kevin Spencer (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Middletown. The defendant interposed an answer to the complaint.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion. By order dated September 27, 2021, the Supreme Court granted the motion.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale dated June 9, 2022, the Supreme Court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
Generally, "in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (CitiMortgage, Inc. v Sultan, 230 AD3d 1292, 1293 [internal quotation marks omitted]). Additionally, where the plaintiff's standing has been placed in issue by the [*2]defendant, the plaintiff must also prove its standing as part of its prima facie showing (see id.; Bank of Am., N.A. v Greene, 216 AD3d 718, 719). Here, where the plaintiff's standing was not placed in issue by the defendant, the plaintiff was not required to prove its standing as part of its prima facie showing (see Aurora Loan Servs., LLC v Bandhu, 175 AD3d 1470, 1471).
Similarly, "[w]hile '[a] defense based on noncompliance with RPAPL 1304 may be raised at any time during the action . . . where the defense is never raised by the borrower, the plaintiff is not required to disprove the defense'" (GMAC Mtge., LLC v Phillips, 229 AD3d 693, 694, quoting Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). Here, as that defense was never raised by the defendant, the plaintiff was not required to disprove it (see id.; Wells Fargo Bank, N.A. v Morales, 178 AD3d at 882-883).
The defendant's remaining contentions are improperly raised for the first time on appeal and, in any event, without merit.
DILLON, J.P., CHAMBERS, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court